IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

GUM TREE PROPERTY MANAGEMENT. LLC;
THE SOUTHERN GROUP OF MISSISSIPPI, INC.;
and WILSON COLEMAN                                      THIRD-PARTY PLAINTIFFS

V.                                                      CAUSE NO.: 1:12CV181-SA-DAS

THE NOWELL AGENCY, INC.; and
GREG BOST                                              THIRD-PARTY DEFENDANTS

MEMORANDUM OPINION

Third-Party Defendant, The Nowell Agency, Inc., and Greg Bost (the Nowell Defendants) filed this Motion for Summary Judgment [149] on the grounds that no genuine disputes of material fact exist as to the claims against them. The Court, in an opinion issued earlier this day, determined that pursuant to the insurance policies issued to Gum Tree Property Management, LLC, The Southern Group of Mississippi, Inc., and Wilson Coleman, Nationwide had no duty to defend or indemnify those entities in the underlying Kentucky litigation. See [217, 218]. Accordingly, the Nowell Defendants' Motion for Summary Judgment [149] is GRANTED.

*Factual and Procedural Background*

Greg Bost is the insurance agent for The Nowell Agency that sold Nationwide insurance policies to Gum Tree Property Management, LLC, The Southern Group of Mississippi, Inc., and Wilson Coleman (Third Party Plaintiffs). The parties' relationship spanned ten years and included three or four phone calls between Bost and Coleman a month. In his capacity as the Gum Tree Plaintiffs' insurance agent, Bost had in the past communicated claims notices to Nationwide.

Coleman contends that in the summer of 2011, during one of their monthly telephone conversations, he indicated to Bost that he had been sued, or was in the process of being sued in Kentucky. Bost recalls the conversation but claims that Coleman was only vaguely complaining about a problem, which later developed into the underlying Kentucky litigation. Coleman admits that he did not call Bost for the purpose of reporting a claim under the policies during that summer of 2011 telephone conversation.

Eight months later, Coleman, on advice of counsel, emailed Bost questioning whether he would have coverage for the Kentucky litigation under the Nationwide insurance policies. Nationwide formally denied The Southern Group coverage on July 12, 2012, and Gum Tree Property Management on July 17 asserting that the claims were not covered under the policy language, exclusions applied, and that the Third Party Plaintiffs had violated the cooperation clauses of the insurance policies as to notification of pending litigation and settlement. No one disputes that the Gum Tree parties attempted to mediate the Kentucky litigation and indeed, executed a handwritten "not finalized" settlement agreement in May of 2012. Wilson Coleman admitted to making payments to Lexington Relocation in accordance with the terms of that document.

Nationwide filed a declaratory judgment action on August 17, 2012, Gum Tree counterclaimed asserting coverage was due, and filed this third party suit against Greg Bost and the Nowell Agency. In particular, the Third Party Plaintiffs contend the Nowell Defendants breached their fiduciary duty to act in the best interest of the insured and the implied covenant of good faith and fair dealing by failing to recognize the potential for coverage under the policies and failing to notify the Gum Tree Plaintiffs of the potential for coverage, and failing to notify Nationwide of the Kentucky litigation. Third Party Plaintiffs additionally assert that the Nowell

Defendants breached their duty to use reasonable diligence, good faith, and a level of skill reasonably expected of insurance agents to ensure that Nationwide was timely and fully placed on notice of the allegations raised in the Kentucky litigation. Further, the Third Party Plaintiffs assert that they were owed a duty to procure insurance policies for them providing adequate coverage for the risks arising out of the business conducted by the Gum Tree Plaintiffs.

The Nowell Defendants argue that summary judgment in their favor is warranted on these claims.

*Summary Judgment Standard*

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when the evidence reveals there is no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts demonstrating a genuine issue for trial. <u>TIG Ins. Co. v. Sedgwick James of Wash.</u>, 276 F.3d 754, 759 (5th Cir. 2002). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). The court is only obligated to consider cited materials but may consider other materials in the record. <u>Id.</u> at 56(c)(3). The court must resolve factual

controversies in favor of the nonmovant "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

*Discussion and Analysis*

The Nowell Defendants claim that no fiduciary duty arises in the insurance agent-insured situation and that the duties the Third Party Plaintiffs seek to have the Court enforce are unreasonable and against public policy.

A fiduciary duty must exist before a breach of the duty can occur. Mississippi law is clear that "the purchase of insurance is an arms-length transaction and no fiduciary duty arises between an insurance company or its agents and the purchaser of insurance." Grissom v. Liberty Mut.. Fire Ins. Co., 678 F.3d 397, 403 (5th Cir. 2012) (citing Taylor v. S. Farm Bureau Cas. Co., 954 So. 2d 1045, 1049 (Miss. Ct. App. 2007)). An insurance agent must "use that degree of diligence and care with reference thereto which a reasonably prudent [person] would exercise in the transaction of his own business." Mladineo v. Schmidt, 52 So. 3d 1154, 1162 (Miss. 2010) (citing McKinnon v. Batte, 485 So. 2d 295, 297 (Miss. 1986)). See also Taylor Machine Works, Inc. v. Great American Surplus Lines Ins. Co., 635 So. 2d 1357, 1362 (Miss. 1994); Security Ins. Agency, Inc. v. Cox, 299 So. 2d 192, 194 (Miss. 1974); and First United Bank of Poplarville v. Reid, 612 So. 2d 1131, 1137 (Miss. 1992). Further, the Mississippi Supreme Court has held that "we do not find that insurance agents in Mississippi have an affirmative duty to advise buyers regarding their coverage needs . . . [I]mposing liability on agents for failing to advise insured

regarding the sufficiency of their coverage would remove any burden from the insured to take care of his or her own financial needs." Mladineo, 52 So. 3d at 1163.

The Third Party Plaintiffs contend that the special relationship between Bost and Coleman created a fiduciary duty due to the level of reliance the agent understood the insured to have in him as an insurance agent. Indeed, "a confidential relationship, which imposes a duty similar to a fiduciary relationship, may arise when one party justifiably imposes special trust and confidence in another, so that the first party relaxes the care and vigilance that he would normally exercise in entering into a transaction with a stranger." Lowery v. Guaranty Bank & Trust Co., 592 So. 2d 79, 83 (Miss. 1991). "[I]t may arise from an informal relationship where both parties understand that a special trust and confidence has been reposed. Id. at 84.

The Mississippi Supreme Court has held that a genuine dispute of material fact as to whether a fiduciary duty was formed between insureds and their agent where the agent knew the insureds regularly took out credit life insurance on the notes but failed to tell plaintiff that the credit life insurance lapsed during the extension. Id. at 83. In fact, the agent indicated that the notes could be "put on hold" until Mr. Lowery returned to take care of them. Therefore, the court held that Mrs. Lowery may have reasonably assumed that the notes would be extended based on the relationship between the parties. Indeed, the court held that the history between the Lowerys and the agent could have created a relationship where the Lowerys

> placed [their] trust and confidence in Guaranty Bank to the point of being less vigilant about the coverage of the credit life insurance than they had been in the past. If that were the case, the bank owed them a duty to notify them that the credit life insurance had lapsed and that it would not be in force while they waited on Mr. Lowery to return.

Id. at 85.

The courts have interpreted this duty narrowly and limited its application to special circumstances where insureds have placed their confidence in agents as to specific transactions. See Allstate Life Ins. Co. v. Parnell, 292 F. App'x 264, 272 (5th Cir. 2008) (finding no genuine issue of material fact as to fiduciary duty where there was no evidence that the insured actually trusted the agent or relied on his advice, such that he was less vigilant than he would have been absent a special relationship); Hicks v. N. Am. Co. for Life & Health Ins., 47 So. 3d 181, 191 (Miss. Ct. App. 2010) (affirming grant of summary judgment on plaintiffs' breach of fiduciary duty claim where there was no record of any special circumstances of a "significant professional or fiduciary relationship" with the agent outside of buying insurance from him). Moreover, "such justifiable reliance must have necessarily caused the first party to be lulled into a false sense of security so that the first party did not protect his own interest as he might have ordinarily." Deramus v. Jackson Nat'l Life Ins. Co., 92 F.3d 274, 278 (5th Cir. 1996) (interpreting Lowery).

Regardless of whether there is a fiduciary duty or not, the Court has previously found that no insurance coverage for the underlying allegations is available. In addition to holding that no coverage under the insurance policies at issue here was available, the Court acknowledged that one "cannot purchase insurance coverage for its intentional, illegal activities." See Memorandum Op. [218] at 22 (quoting Delta Pride Catfish, Inc. v. Home Ins. Co., 697 So. 2d 400, 405 (Miss. 1997)). The allegations of the underlying complaint clearly contend that the Third Party Plaintiffs knew McGuire was bound by the Employment Agreement and strictures on her post-employment conduct but intentionally acted against Lexington Relocation's contractual interests anyway. Accordingly, where no coverage was available, the Court finds no fiduciary duty to recognize or notify the insureds of the lack of coverage.

Here, there is no claim that the Nowell Defendants failed to procure the requested coverage for the Third Party Plaintiffs. Third Party Plaintiffs do, however, claim that the Nowell Defendants failed to "recognize the potential for coverage under the Policies of the claims asserted in the Kentucky Litigation," failed to "notify the Third Party Plaintiffs of this potential for coverage," and failed to "notify Nationwide of the Kentucky Litigation." Because of the finding that no coverage was available to cover the alleged actions of the Third Party Plaintiffs, there is no genuine dispute of material fact as to the breach of fiduciary duty claim.

Similarly, because no coverage exists that would cover the Third Party Plaintiffs' intentional torts, and because there is no contract between the Third Party Plaintiffs and the insurance agency or agent in this case, there is no genuine dispute of material fact that the Nowell Defendants breached the implied covenant of good faith and fair dealing. See Daniels v. Parker & Assocs., 99 So. 3d 797, 801 (Miss. Ct. App. 2012) (noting that the duty of good faith and fair dealing arises from the existence of a contract between the parties such that to have a breach of that duty, there must "first be an existing contract and then a breach of that contract"). Additionally, because of the prior finding that no coverage exists for the underlying allegations, the Third Party Plaintiffs have failed to bring forth a genuine dispute of material fact as to its negligent failure to respond to the Third Party Plaintiffs' claims for coverage and negligent failure to procure appropriate insurance claims.

*Conclusion*

Based on the Court's prior finding that no coverage exists for the underlying allegations in not only the insurance policies issued here, but for intentional torts, the Court finds no genuine disputes of material fact exist under the Third Party Complaint. Therefore, the Nowell

Defendants' Motion for Summary Judgment [149] is granted.  Judgment shall be entered in favor

of the Third Party Defendants.

SO ORDERED, this the 24th day of March, 2014.

 **/s/ Sharion Aycock**_____
**U.S. DISTRICT JUDGE**